NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued April 22, 2009
Decided May 20, 2009

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 08-3361

CAI WEI CHEN,
    *Petitioner,*

    *v.*

ERIC H. HOLDER, JR., Attorney
General of the United States,
    *Respondent.*

Petition for Review of Orders of the
Board of Immigration Appeals.

No. A95-709-818

**O R D E R**

Cai Wei Chen, a 23-year-old native and citizen of China, seeks asylum, withholding of removal, and protection under the Convention Against Torture, asserting that she fears persecution based on her Christian faith should she return to China. An Immigration Judge denied her application because she lacked credibility and, even if her testimony were credited, she had not been persecuted in the past. The Board of Immigration Appeals affirmed the IJ's decision. Because the IJ's adverse credibility ruling is supported by substantial evidence, we deny the petition.

In March 2005 Chen arrived at Los Angeles International Airport, where immigration officials detained her because she did not have a visa. At her initial interview at the airport, Chen was asked why she was entering the United States. She told the interviewer that she left China (Fujian province) because her family members were practitioners of Falun Gong, and she feared she would be arrested.

Five days later, an asylum officer conducted a credible-fear interview. Chen denied being an adherent of Falun Gong, but said that once in the summer of 2004 she distributed Falun Gong pamphlets at her parents' request and ran away when spotted by police. Fearing arrest for supporting Falun Gong, she said she has since been in hiding. When asked if she had ever been arrested or detained in China, Chen answered that she had not. She also reported that she held no religious beliefs.

At a hearing before an IJ in October 2007, Chen told a different story: she maintained that, although it was true she had distributed Falun Gong fliers for her parents, she was actually seeking refuge in the United States because of her lifelong Christian faith. She explained that, after many years of attending a government-sanctioned church, in July 2004 she began worshipping secretly in a private house. Later that same month, police raided the house during a service and arrested its worshippers, including Chen. According to her testimony, twenty police officers kicked down the door, hitting (with electric batons) anyone they could reach. Chen, along with her fellow worshippers, was detained at the police station for five days, fed only rice, and beaten and interrogated by police. She said she suffered injuries to her buttocks, head, and back, to the point she could not raise her arm. She also said she was forced to pay a 3000 yuan fine (approximately $360 at the time). After her release, Chen said, she was unable to afford medical attention, so she treated her injuries with herbal medicine. Chen said that her parents paid a smuggler 50,000 yuan (approximately $6000) to arrange her escape in 2005 to the United States.

After hearing Chen's testimony, the IJ rejected the asylum application, finding that Chen's testimony regarding her religious persecution was not credible. The IJ noted significant discrepancies among the statements she made at her hearing, the initial airport interview, and the credible-fear interview. The discrepancies included her reasons for leaving China, the sincerity of her Christian faith, and the extent to which she was beaten for worshipping at an unauthorized church. The IJ added that even if her testimony about the arrest, beating, and fine were true, it would not amount to past persecution. The injury to her arm did not require medical attention, and the 3000 yuan fine was not burdensome, considering that her family could afford to pay 50,000 yuan to have her smuggled out of China. Because of the inconsistencies in her statements the IJ found that Chen did not leave China because of religious persecution, and that this was merely pretext to justify the departure she planned since obtaining her passport in 2002. Because Chen did not meet the

standard for asylum, the IJ concluded that she could not meet the higher threshold for withholding of removal.  Finally, because Chen had not shown it was more likely than not that she would be tortured on her return to China, the IJ also denied her claim for protection under the Convention Against Torture.  The Board affirmed the IJ's decision in a short per curiam opinion.

On appeal Chen challenges only the IJ's adverse credibility assessment.  According to Chen, the IJ erred in finding her not credible because he misconstrued—or drew unwarranted inferences from—evidence in the record.  For instance, she argues that the IJ erred when he presumed that the 3000 yuan fine would not unduly burden a family that could afford a 50,000 yuan smuggling fee.  The IJ also erred, Chen says, in finding that she had been preparing to emigrate for years because she obtained her passport in 2002.  Chen also maintains that her failure to mention her Christian faith at either her airport or credible-fear interview does not undermine her contention that this was not her true reason for fleeing China; she says she did not discuss her Christianity because of stress or her interviewers' failure to ask her about it.

We will uphold an IJ's credibility determination as long as it is supported by specific, cogent reasons and evidence in the record.  *Torres v. Mukasey*, 551 F.3d 616, 626 (7th Cir. 2008).  Under the REAL ID Act, any inaccuracy, omission, or inconsistency can support an adverse credibility finding, whether or not it "goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Mitondo v. Mukasey*, 523 F.3d 784, 787 (7th Cir. 2008).

Here the IJ's credibility ruling was based on evidence in the record and supported by a critical reason: that Chen's statements upon arrival in the United States—concerning her connection to Falun Gong—were completely at odds with the claim in her later application and testimony that tied persecution to her Christianity.  At her airport interview, for example, Chen was asked why she was seeking refuge, and she responded: "Because my family are members of the [Falun] Gong.  They wanted to arrest us so I ran away."  And again, at her credible-fear interview, she said: "Upon returning [to China], I fear to be arrested by Government Officials because I distributed Falun Gong pamphlets and I may be perceived as a Falun Gong member."  Not until her asylum hearing, two years later, did she mention her lifelong Christian faith, her clandestine worship, or her arrest and beating at the hands of police.  Airport interviews are not always reliable indicators of credibility, but discrepancies between the interview and later testimony can support an adverse credibility finding.  *Chatta v. Mukasey*, 523 F.3d 748, 752 (7th Cir. 2008).

In any event, Chen mounts no challenge to the IJ's conclusion that she did not suffer past persecution on account of her religion.  The BIA's denial of Chen's request for asylum must stand.

Because Chen was unable to prove her claim for asylum, she cannot meet the more demanding standard for withholding of removal. *See Musollari v. Mukasey*, 545 F.3d 505, 508 n.2 (7th Cir. 2008). Finally, Chen's failure to show a clear probability of future persecution means that she cannot establish likelihood of torture, because torture is one example of persecution. *See Khan v. Filip*, 554 F.3d 681, 692 (7th Cir. 2009).

Because substantial evidence supports the agency's conclusion that Chen lacked credibility, we DENY the petition for review.